# Waganer *v.* Maupin.

## *Action on Stated Account.*

1. *Appeal; what errors may be considered.*—Where, in an action on a stated account, the plaintiff recovered judgment by *nil dicit* against the defendant, and this was the only judgment appealed from, assignments of error going to the correctness of judgments rendered in garnishment proceedings instituted by the plaintiff in aid of the original suit can not be considered on such appeal, the judgments in garnishment not being presented for review by the appeal from the judgment in the original suit.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WM. E. CLARKE.

WM. S. ANDERSON, for appellant.

S. P. GILLIARD, *contra.*

McCLELLAN, J.—The present appeal is from a judgment for $356.50, recovered January 7, 1892, by R. L. Maupin against L. P. Waganer. The appeal and supersedeas bond is conditioned for the successful prosecution of an appeal "to supersede and reverse a judgment recovered by the said R. L. Maupin against the said Louis P. Waganer at the Fall Term, 1891, of the Circuit Court of Mobile for Mobile county, for three hundred and fifty-six and 50–100 dollars, besides costs." The certificate of appeal follows the bond; and the said Maupin was cited to appear in this court and defend against an appeal taken to reverse a judgment recovered by said Maupin against said Waganer. So that it is most clear that the judgment appealed from, and the only judgment appealed from, was that recovered by Maupin, plaintiff, against Waganer, defendant, the action being on a stated account. No contest was had in the court below in this action. The judgment was by *nil dicit*, with writ of inquiry, which was duly executed, verdict returned, and final judgment entered thereon. No exception was reserved to any action of the court involved in or leading up to this judgment. No assignment of error on the record before us had any reference to this judgment.

After the institution of the suit, plaintiff had summonses

in garnishment issued to sundry persons supposed to be indebted to the defendant.   Three of these answered indebtedness.   The sums so answered to be due defendant he sought to claim as exempt to him, and to this end filed claims of exemption which were adjudged to be insufficient, and thereupon he offered to file other claims which appear to be in proper form, but the court declined to allow him to do so, on the theory that the time limited for the propounding of such claims as a matter of right had expired.   Exceptions were reserved to these rulings of the court, and the claims of exemption being thus eliminated from the case, judgments were rendered on the answers, condemning the sums admitted to be due the defendant to the satisfaction of the judgment previously rendered in the original suit against him. The only assignments of error which have been made are addressed to the rulings of the court in respect to the claim of exemptions, and manifestly go to the correctness of the judgments in garnishment, from which no appeal has been taken.   It is very ·clear that this court can not consider them.   Those judgments are not presented for our consideration, and we are without jurisdiction to determine any question affecting their regularity or correctness.   No error being laid against the judgment in the original suit, the only judgment which has been removed into this court by appeal, nothing remains for us but to affirm it.—*Mobile v. Murphree, ante* p. 141.

Affirmed.